UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges McCullough, Decker and Senior Judge Felton

JANNIFER SPRUILL

MEMORANDUM OPINION[*]

v.      Record No. 1572-15-1                    PER CURIAM
                                                FEBRUARY 16, 2016

CHESAPEAKE DEPARTMENT
  OF HUMAN SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
E. Preston Grissom, Judge

(Stephanie P. Pass, on brief), for appellant.

(Ryan C. Samuel, Assistant City Attorney; Ayodele M. Ama,
Guardian *ad litem* for the minor children, on brief), for appellee.


Jannifer Spruill (mother) appeals the orders terminating her parental rights to three of her

children. Mother argues that the trial court erred by finding that she, without good cause, "had

failed to remedy substantially the conditions which led to the placement of the minor children in

foster care." Upon reviewing the record and briefs of the parties, we conclude that this appeal is

without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule

5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On June 12, 2013, the Chesapeake Department of Human Services (the Department) received a report that mother was arrested on felony forgery charges and that the conditions of the home were deplorable. There also were concerns about a firearm in the home within the children's reach, a lack of food in the house, and lack of medical care for one of the children. The Department tried to investigate the complaint, but the parents were not cooperative.

On September 11, 2013, the Department received a report that one of the children had an asthma attack at school and had to go to the hospital. The school was not able to reach Donnell M. Spruill (father) or mother. There was no medication in the child's inhaler or at home.

On September 12, 2013, the Department received another report regarding the deplorable conditions of the home.

On September 13, 2013, mother and father appeared before the circuit court for a custody hearing. On that date, the circuit court removed the parties' four minor children from their care and awarded custody to the Department due to concerns about the children's living conditions, the parents' substance abuse problems, mother's recent felony convictions, and the children's inadequate medical care. The circuit court remanded the foster care case to the Chesapeake Juvenile and Domestic Relations District Court (the JDR court).

The JDR court found that the children were abused and neglected. The JDR court ordered the parents to participate in marital counseling, individual counseling, parenting classes, and visitation with the children. The JDR court also directed mother to obtain substance abuse treatment[1] and find employment. Lastly, the JDR court told both parents to cooperate with the Department.

---

[1] Mother tested positive for cocaine on September 20, 2013. In 2014, she also tested positive for cocaine on February 21 and March 21, marijuana on June 14 and June 30, and cocaine and marijuana on August 4.

Two of the children had autism, and the other two children had behavior problems. One child was diagnosed with post-traumatic stress disorder, major depression, and attention hyperactivity disorder.

The parents completed the parenting classes and regularly visited with the children. However, in May 2014, the Department noticed that the parents were having inappropriate conversations and interactions with the children during visitations. The Department discussed the matter with the parents and gave them a new set of rules. Mother threw the visitation rules at the window where a representative was sitting. Mother also put her hand in a supervisor's face. The children's behavior deteriorated after visiting with their parents.

On July 28, 2014, mother participated in a family partnership meeting. Mother and father had not provided documentation to the Department to show that they completed the required services. Mother needed to provide documentation of stable housing and employment and participation in marital counseling and substance abuse treatment.

On August 20, 2014, the JDR court conducted a permanency planning hearing. It did not approve the goal of return home and continued the case to October 22, 2014 for the Department to revise the goal. Mother was tested for drugs, and she tested positive for marijuana and cocaine. Although mother said that she had a job, she did not provide documentation to the Department.

On October 22, 2014, father and mother appeared at the permanency planning hearing. Mother still had not provided the necessary documentation. The JDR court found that mother had made no significant improvements since the children's removal. The JDR court approved the goals of adoption for the children and ordered the Department to file petitions to terminate mother's and father's parental rights. The parents appealed.

After the JDR court hearing, the sheriff's department took mother into custody because of an outstanding capias for failure to appear/violation of probation. In January 2015, mother enrolled in the drug court program and started to attend narcotics anonymous. However, at trial, she did not know her sponsor's full name or telephone number. She did not know the twelve steps of the narcotics anonymous program, but said she was on step four. She still was on phase one of the drug court program, and thought it would take her between three months and more than one year to complete all four phases.

Meanwhile, the social worker, guardian *ad litem*, and CASA worker met with father to discuss a plan for returning the children to his care. The Department was concerned about father and mother living together because of mother's substance abuse problems. They discussed father separating from mother and finding suitable living arrangements. Father agreed, but then failed to maintain contact with the Department, the guardian *ad litem*, and the CASA worker. On April 8, 2015, the JDR court terminated mother's and father's parental rights. The parents appealed.

On July 6 and 15, 2015, the parties appeared before the circuit court. The Department informed the circuit court that the parties had reached an agreement with respect to mother and father's oldest child. The Department was not seeking termination of their parental rights with respect to that child because he was almost eighteen years old. At the hearing, both mother and father admitted having unauthorized contact with one of the children. The parents had stopped attending marital counseling, and family therapy had not occurred. Two children testified *in camera* and stated that they preferred to stay in their foster care home. After hearing all of the evidence and argument, the trial court determined that it was in the children's best interests to terminate mother's and father's parental rights pursuant to Code § 16.1-283(C)(2). It approved the goals of adoption. This appeal followed.

ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citation omitted). When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Mother argues that the trial court erred in concluding that she had not substantially remedied the conditions that led to the children being placed in foster care and terminating her parental rights. Mother notes that she completed the parenting classes and started the marital counseling. She also participated in substance abuse treatment. She was in the drug court program and narcotics anonymous. Mother acknowledged that she did not have a job at the time of the trial, but testified that she had a valid food service card, which could help her with finding a job in the food service industry. Mother contends the trial court should not have terminated her parental rights to her three minor children.

A court may terminate parental rights if:

> The parent or parents, without good cause, have been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end.

Code § 16.1-283(C)(2).

One of the reasons why the children came into foster care was because of mother's substance abuse problem. She admittedly used drugs while the children were in foster care. In early 2015, she was ordered into the drug court program. As of the date of the trial, she was still

- 5 -

on phase one of the program and testified that it could take more than one year to complete the program. Additionally, she testified that she participated in narcotics anonymous, but could not recall her sponsor's full name or phone number. There was evidence that mother had not been truthful with her substance abuse counselor regarding her drug usage. Mother was not able to prove that she had overcome her substance abuse problems.

Another concern was mother's stability. Mother exhibited anger during visitations, especially after the Department gave the parents rules for visitation. She did not have a job and was dependent on father. However, mother and father were experiencing marital difficulty. They stopped marital counseling and never participated in family counseling. The trial court believed that mother's and father's efforts to reconcile were not sincere, but were made to prevent their parental rights from being terminated.

The trial court was particularly concerned about mother's refusal to follow directions. The trial court noted that mother did not like the substance abuse counselor and refused to follow through on the counselor's recommendations. Likewise, mother quit marital counseling because she did not like the marriage counselor's advice. The trial court was troubled that despite being told not to correspond with the children privately, mother "defiantly did it anyway and then thought that social services was against her because of that." The trial court stated, "I have had only . . . incident after incident where Mrs. Spruill cannot follow instructions and resists following instructions." The trial court found that if the children were returned to mother's custody, her refusal to listen to others would negatively impact the children, especially since they needed services for their special needs.

The children had been in foster care for approximately two years, but mother still was not in a position to have custody of the children. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of

resuming his [or her] responsibilities." Kaywood v. Halifax Cty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Considering the totality of the circumstances, the trial court did not err in terminating mother's parental rights to her three minor children.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.